UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| GREENFIELD MILLS, INC., et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Cause No. 1:00 CV 0219 |
| ) | |
| ROBERT E. CARTER, JR., as Director ) | |
| of the Indiana Department of Natural ) | |
| Resources, et al. ) | |
| ) | |
| Defendants. ) | |

**OPINION and ORDER**

Before the court is the Plaintiffs' Motion for an Interim Award of Attorney Fees filed on October 27, 2006. Defendants responded on November 11, 2006 to which the Plaintiffs replied on December 7, 2006. For the following reasons, the Plaintiffs' request for an interim attorney fees award will be DENIED.

**Background**

On May 16, 2000, the Plaintiffs,[1] filed their multi-count Complaint charging the Defendants with violations of the Clean Water Act, 33 U.S.C §1365, the Civil Rights Act, 42 U.S.C. §1983 and conspiracy to violate the Civil Rights Act, 42 U.S.C. §1985.[2] To oversimplify, Plaintiffs asserted that the Defendants violated the Clean Water Act ("CWA"), 33 U.S.C. §1311, by failing to obtain a permit required by the CWA before conducting dredging activities at the Fawn River State

---

[1] The Plaintiffs are riparian owners and users of the affected downstream stretch of the Fawn River.

[2] The Plaintiffs voluntarily dismissed their conspiracy claims pursuant to 42 U.S.C. §1985 against the Defendants.

1

Hatchery. Plaintiffs further asserted that their First, Fourth, Fifth and Fourteenth Amendments were violated by the activities of the Defendants.

During this case's first stint before this court, the undersigned granted summary judgment to the Defendants on all the CWA claims and on the constitutional claims related to the Takings Clause of the Fifth Amendment and the Due Process Clause of the Fourteenth Amendment.  Prior to this court's ruling, the Plaintiffs, after some urging by this court, voluntarily dismissed the remaining §1983 claims.  On appeal, the Seventh Circuit reversed this court's decision as to one of the CWA claims but affirmed the court's grant of summary judgment as to the Fifth and Fourteenth Amendment claims.  After post-appeal proceedings in this Court, the undersigned granted summary judgment as to liability under the CWA against the Defendants.  Thereafter, the parties agreed to permanent injunctive relief (docket #s 225 and 255) and agreed to the appointment of CH2M Hill to serve as a neutral expert to: (1) prepare an assessment of current conditions of the Fawn River and Greenfield Mills pond, and of the presence of excess sediments in the Fawn River and Greenfield Mills' pond; and (2) prepare, if necessary, specifications for removal of any sediments, and plans for remediation of the aquatic habitat and aquatic populations, as may be necessary to remediate the effects of any excess sediment or related damage and to restore the Fawn River and Greenfield Mills' pond to pre-May 18, 1998 condition, together with preparing a cost estimate of the same. (See Stipulation, Docket #248).  These tasks were to be divided into three phases. According to the parties, CH2M Hill is near completion of phase one and the "Neutral's report regarding phase one should be submitted to the Court in the very near future."  (Response, p. 3); see also Pltf's Reply at p.5 fn. 7, "Phase I has an anticipated completion date of March 2007..."  In the interim, Plaintiffs filed the present motion seeking an award of fees *pendente lite* in an amount of $1,232,629.75 as

2

well as costs and expenses in an amount of $78,803.57.

The citizen-suit provision of CWA authorizes a court to award the "costs of litigation (including reasonable attorney ⋯ fees) to any prevailing or substantially prevailing party[.]" 33 U.S.C. § 1365(d). Under fee-shifting statutes such as the one above, courts may order an interim fees award, but "only when a party has prevailed on the merits of at least some of his claims." *Hanrahan v. Hampton,* 446 U.S. 754, 758 (1980). To qualify as "prevailing," a party "must have succeeded on 'any significant issue in the litigation which achieves some of the benefit' sought." *Earth Island,* 838 F.Supp. at 464 (quoting *Hensley,* 461 U.S. at 433, 103 S.Ct. 1933). Or, put in slightly different terms, a "prevailing party" is one that achieves "a material alteration of the legal relationship of the parties." *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Resources,* 532 U.S. 598, 604,(2001)).

In *Webster v. Sowders,* 846 F.2d 1032 (6th Cir.1988), the Court summarized the law concerning interim awards of attorney's fees as follows:

> Interim attorney fees awarded during the pendency of litigation are permissible and thus within the authority of the district court when the court has entered a concrete order that determines substantial rights of the parties, meaning when a party has prevailed on the merits of at least some of his claims. Interim fees are especially appropriate when a party has prevailed on an important matter in a case, even if the party ultimately does not prevail on all issues. The Supreme Court has declared that, particularly in complex cases of long duration, delaying a fee award until the conclusion of litigation would work substantial hardship on plaintiffs and their counsel and discourage the institution of actions that Congress intended to encourage by passage of attorney fee statutes.

It is precisely for the above reasons, namely the duration of this case and the importance of the liability finding that Plaintiffs believe they are entitled to an award of interim fees. The Defendants naturally oppose Plaintiffs' petition for an award of fees and costs. In their brief, Defendants initially

3

argued that the Court should defer awarding any fees and costs until after the damages phase of the litigation is complete. Defendants concede that in some circumstances an interim award of attorney's fees is appropriate but argue that the decision on liability was only a partial outcome and that the true measure of the case is whether remediation is required. Defendants also argue that Plaintiffs are not entitled to attorney's fees for the whole case because they have only prevailed on one claim.

Throughout the entirety of this case, the Plaintiffs have not only asserted that the Defendants violated the permitting requirements of the CWA but have asserted that the Defendants "caused immediate, severe and widespread damage to the entire downstream reach of the Fawn River from the Orland Fish Hatchery to the Greenfield Mills dam, covering the stream bottom with sediment and debris, causing catastrophic death and loss to the aquatic biosystem of the river and causing severe loss to the aesthetic, recreational and economic value and uses of the river." (Complaint, p. 2 ¶3). Plaintiffs have also alleged that this damage to the Fawn River is "permanent, and this small stream cannot recover without removal of the material deposited into it by the Defendants." (*Id.* at ¶4). To date, there have been multiple, conflicting expert reports presented wherein the experts dispute the existence of materials deposited into the Fawn River as well as the extent to which any deposited materials, assuming the presence of such materials, could be removed. For this reason, the court requested the parties to employ the services, at the Defendants' expense, of CH2M Hill.

At this stage of the litigation, the Plaintiffs have prevailed in that this court found as a matter of law that the actions of the Defendants violated the CWA. But, as Defendants point out, the crux of the Plaintiffs' case is in their allegation that the violation caused substantial damage to the Fawn River. As of yet, no determination has been made that ***any*** materials were deposited into the Fawn

4

River or whether any materials that may have been deposited caused damage. The sole issue that has been determined is that the Defendants should have obtained a permit prior to the dredging activities they conducted. While it is true that the liability determination was the impetus for the agreed permanent injunction, a fact that Plaintiffs rely heavily upon in their briefs in support of interim fees, the Plaintiffs have yet to prove any damages from the violation. And, as Defendants are quick to point out, if the Phase One damage assessment is favorable to their position that the Fawn River has not been damaged by their actions, they have prevailed on all the claims brought against them except one, for which there would ostensibly be little or no damages. As noted above, the Phase One damage assessment is due to be presented to the court within a few months. Since damage to the Fawn River is the crux of their lawsuit, the court concludes that until such time as the Phase One assessment by CH2M Hill is completed, the request for interim fees is premature and will be DENIED.

Moreover, after the Phase One damage assessment is completed, Plaintiffs may renew their request for interim fees. However, prior to submitting said request to this court, Plaintiffs shall submit to the Defendants a request for interim attorneys fees and costs. After Plaintiffs submit their request, the parties will attempt in good faith to negotiate a reasonable interim attorney fees award. If, after sixty (60) days from Plaintiffs submitting their request, the parties are unable to agree upon a figure, the Plaintiffs will submit their fee application to the Court.

SO ORDERED.

This 9th day of January, 2007.

                                              s/ William C. Lee
                                              United States District Court
                                              Northern District of Indiana