UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| GREENFIELD MILLS, INC., et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Cause No. 1:00 CV 0219 |
| | ) |
| ROBERT E. CARTER, JR., as Director | ) |
| of the Indiana Department of Natural | ) |
| Resources, et al. | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the court is Defendants' "Motion to Alter or Amend Judgment" filed pursuant to Fed.R.Civ.P. 59, on July 28, 2008. Plaintiffs responded on July 30, 2008 to which the Defendants replied on August 1, 2008. For the following reasons, the Defendants' motion will be DENIED.

## BACKGROUND and DISCUSSION

On July 14, 2008, the undersigned entered an Opinion and Order granting the Plaintiffs' Motion for an Award of Interim Fees and awarding them $887,738.00 in attorneys fees and $70,206.09 in costs. This lengthy, 37 page Opinion discussed not only the propriety of awarding interim fees but also discussed in detail the various objections by Defendants to the hourly rates and the reasonableness of the fees requested by the Plaintiffs' attorneys. In their present motion, Defendants argue that the award of interim fees is premature and, alternatively, the amount awarded is excessive. Thus, they request the court to "alter" the judgment.

Procedurally, the present motion is flawed in that it relies on Fed.R.Civ.P. 59 for relief. That rule provides for altering or amending a ***judgment.*** In this case, no judgment has been entered on

1

the fee award and this court's Opinion and Order does not fall within the definition of "judgment" set forth in Fed.R.Civ.P. 54. Under Rule 54, the term "judgment" is defined to mean a "decree and any order from which an appeal lies." Here, however, the court noted in its Opinion and Order that an interim award of fees is generally interlocutory and thus not appealable until the conclusion of the underlying lawsuit. *See Estate of Drayton v. Nelson*, 53 F.3d 165, 166-167 (7th Cir. 1994) (cited in this Court's Opinion and Order, at p. 6, fn. 5); see also, *In re Firstmark Corp*. 46 F.3d 653, 657 (7th Cir.1995) ("an award of interim fees does not conclusively determine the total compensation due to counsel, so such decisions are generally not considered final."); *Richardson v. Penfold,* 900 F.2d 116, 117-18 (7th Cir.1990). Indeed, the rule, that interim fees are not final (and thus not appealable), operates to avoid piecemeal appeals. "An applicant awarded an interim fee likely will continue to provide services, incur costs, and apply for fees for its future services. Interim fees awarded to an applicant remain subject to re-examination, adjustment, and disgorgement." *See Specker Motor Sales Co. v. Eisen,* 393 F.3d 659, 662-63 (6th Cir.2004). In essence, an interim fee award is an advance on a later-determined total fee award. *See In re Four Seas Ctr., Ltd.*, 754 F.2d 1416, 1419 (9th Cir.1985).

This said then, it appears that the Defendants motion must be construed as a Motion to Reconsider the Opinion and Order awarding the Plaintiffs interim fees. Reconsideration is discretionary and such motions serve a limited function. For this reason, it is oft-recited that "this Court's opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *See Quaker Alloy Casting Co. v. Gulfco Indus., Inc.,* 123 F.R.D. 282, 288 (N.D.Ill.1988). Reconsideration should be granted only where the moving party demonstrates that the Court has overlooked or misapprehended factual matters or controlling decisions that were

2

presented to it on the underlying motion. *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir.1990); *LaBouve v. Boeing Co.*, 387 F.Supp.2d 845, 855 (N.D.Ill.,2005). These types of problems "rarely arise and the motion to reconsider should be equally rare." *Id.* The standard is narrowly construed so as to "dissuade repetitive arguments on issues that have already been considered fully by the court." *Caleb & Co. v. E.I. DuPont DeNemours & Co.,* 624 F.Supp. 747, 748 (S.D.N.Y.1985).

In this case, virtually all of the arguments supporting the Defendants motion are repetitive of arguments made previously to this court and, if not addressed directly in the court's Opinion, were considered and rejected during its drafting. For instance, the Defendants' argument that an award of interim fees is premature given the lack of a final judgment was considered at pages 4-6. Further, it is common sense that all awards of "interim fees" are in essence, premature, since they are temporary or provisional awards put in place as an advance on a later-determined total fee award. Nevertheless, Defendants now reiterate their argument that interim fee awards are only appropriate "[o]nce a plaintiff obtains substantive relief that is not defeasible by further proceedings" *Richardson v. Penfold*, 900 F.2d 116, 119 (7th Cir.1990) (citations omitted). They then point out that the summary judgment Opinion and Order granting the Plaintiffs summary judgment on liability is not a final order. This argument, however, overlooks the substantive relief granted to plaintiffs by the consent decrees entered in the case and the change in the substantive law this Court noted in its Opinion. This relief permits an award of interim fees. See *Dupuy v. Samuels,* 423 F.3d 714, 724 (7th Cir. 2005) (referencing cases where partial summary judgment and consent decrees are "exactly the kind of relief which the Supreme Court has indicated leads to prevailing party status" and thus,

3

to a proper award of interim fees).[1]

Next, the Defendants argue that even if the determination that interim fees were appropriate stands, the amount awarded to the Plaintiffs is excessive and unreasonable. This Court, beginning on page 6 of the Opinion, took considerable pains to address each and every objection raised by Defendants to the reasonableness of the requested fees. One of the main points of contention, again, is that the court should reduce the fees requested for investigation and work performed before the Plaintiffs filed the statutorily required Notice of Intent to Sue. This court did, in fact, reduce the fees requested for some of the pre-Notice work. But, pursuant to statute, a Notice of Intent to Sue is required in all civil actions brought under the CWA. Thus, the court concluded that at least some of the pre-litigation work and investigation required to file the statutorily mandated notice is part and parcel of a CWA claim and entitled to compensation.

Nevertheless, Defendants cite to several cases wherein courts have held that the filing of the Notice is akin to the filing of a Complaint and thus, the filing and preparation of the Notice is the beginning of the case. *See Student Public Interest Research Group of New Jersey, Inc. v. Anchor Thread ("Anchor Thread"),* 1988 WL 49177, 2 (D.N.J.). ("the statutorily mandated Notice of Intent to Sue constitutes the beginning of the litigation in much the same way that the filing of a complaint constitutes the beginning of most other cases."). However, courts do award attorney fees for pre-complaint investigation and thus, by analogy, the same would be true for pre-Notice investigation, where such investigation is necessary to determine the theory of the case. *See Moore v. Cycon*

---

[1] Defendants also argue that the fee-shifting provision of the Clean Water Act, 33 U.S.C. §1365(d), only permits the court to issue fees in association with an "final order" under the Act. Since no final order has issued, Defendants contend that interim fees are inappropriate. However, the Supreme Court has held that interim fee awards are appropriate in fee-shifting cases similar to the CWA provision.

*Enterprises, Inc.* 2007 WL 2320051, 6 (W.D.Mich.,2007) ("Attorney fees for pre-complaint investigation and analysis are recoverable."); *Kuhn v. Unumprovident Corp.*, 2007 WL 446359, at *3 (D.Ariz. Feb. 7, 2007); *Lake v. Schoharie County Comm'r of Soc. Servs.,* 2006 WL 1891141, at *8 (N.D.N.Y. May 16, 2006); *Gough v. Apfel,* 133 F.Supp.2d 878, 880 (W.D.Va.. 2001) (permitting compensation for time expended in preparation for the filing of a civil action under prevailing party statute of ); *see also Webb v. Board of Educ. of Dyer County, Tenn.* 471 U.S. 234, 243(1985) (holding that "some of the services performed before a lawsuit is formally commenced by the filing of a complaint are performed "on the litigation." Most obvious examples are the drafting of the initial pleadings and the work associated with the development of the theory of the case."). Accordingly, in this case, the court concluded that some of the pre-Notice work was necessary in preparation of this case.

The Defendants next argue that the hourly rate granted to the Plaintiffs is unreasonable, that no "delay enhancement" was appropriate and the court erred in concluding that this litigation was "complex" requiring special expertise. This court addressed these arguments at length at pages 26 - 32. The court determined that a reasonable hourly rate, including the "delay enhancement" was $265.00 for Attorney Neal Lewis and $285.00 for Attorney Eric Lewis. This is considerably less than the amount requested by plaintiffs' counsel and, given the technical nature of this lawsuit and the legal complexity and novel issues that have stemmed from the litigation, the court concludes, once again that those amounts are reasonable to compensate the Plaintiffs' attorneys for their work in this case.

Finally, the Defendants argue that the Indiana Constitution prohibits an Indiana state agency from spending money until appropriation is made by the Indiana General Assembly and thus, they

contend that the State cannot pay the interim award of fees because the money has not been appropriated by the state legislature. However, this argument is a different animal than the other arguments made herein. This argument involves the payment of the award, not the propriety of it. The matter of payment is a matter for the Indiana General Assembly to address. *See Lightfoot v. Walker*, 797 F.2d 505 (7th Cir. 1986).

## **CONCLUSION**

The Defendants' Motion to Alter or Amend Judgment is therefore, DENIED.

SO ORDERED. This 23rd day of September, 2008.

s/ William C. Lee<br>
United States District Court