# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| GREENFIELD MILLS, INC., et al. | )<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Cause No. 1:00 CV 0219<br>) |
| ROBERT E. CARTER, JR., as Director of the Indiana Department of Natural Resources, et al. | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

## OPINION AND ORDER

Before the Court is the Plaintiffs' Verified Motion for Order to Pay"(Docket #337) filed on September 25, 2008. The Defendants responded on October 16, 2008 to which the Plaintiffs replied the same day. For the following reasons, the Plaintiffs' motion will be GRANTED.

On July 14, 2008, the undersigned granted the Plaintiffs' request for an interim award of attorneys fees and costs. Subsequently, on September 23, 2008, the Court denied the Defendants Motion to Alter Judgment/Reconsideration relating to the interim award of fees. Thereafter, Plaintiffs filed the present motion seeking an order directing the Defendants to promptly pay the fee and cost award.

In its prior orders relating to the propriety of awarding interim fees, the court has noted that "a district court has the power to award fees before the entry of a final judgment." *Palmer v. City of Chicago,* 806 F.2d 1316, 1320 (7th Cir. 1986). The Defendants assume that the power to award fees is separate and apart from the power to order their payment. However, in *Palmer,* the Seventh Circuit noted that because the court has the power to award interim fees, "this must mean – since

1

the whole purpose of such an award is to enable the plaintiffs and their lawyers to see some cash before the entire litigation winds up – a power to order payment in advance of the final judgment." *Id.* Accordingly, the court has the power to not only award fees but to order their payment prior to the entry of judgment.[1]

The Defendants submit not one legal citation calling the above principles into question nor do they argue that the court is without authority to order the immediate payment of an interim fee award. Rather, the Defendants argue that the Plaintiffs' motion is misplaced and should be stricken for numerous reasons including that this court has previously refused to discuss the question of payment. Defendants are correct that in ruling on the Defendants' Motion to Alter Judgment, the court declined to consider the Defendants argument about the source of payment[2] stating, "[T]he matter of payment is a matter for the Indiana General Assembly to address." However, the point of that sentence is simply that it is not within this Court's providence to tell the State of Indiana how or from what source to pay judgments or orders. That process is left to the State to determine.

Accordingly, based upon the above legal authority, the Court GRANTS the Plaintiffs' Motion. The Defendants are hereby Ordered to pay the interim fee award, (Docket # 330) as follows:

---

[1] It is axiomatic that the court possesses the inherent authority to enforce its own orders. *See Degen v. United States,* 517 U.S. 820 (1996) ("A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case... its powers include those furnished by federal rule, and by inherent authority."); *Young v. United States ex rel. Vuitton et Fils, S.A.*, 481 U.S. 787, 794 (1987) ("[I]t is long settled that courts possess inherent authority to initiate contempt proceedings for disobedience to their orders....").

[2] Defendants argued that a special appropriation was required by the Indiana General Assembly to pay the award of fees and costs. Documents submitted by the Plaintiffs as part of their filings indicate, however, that the State of Indiana "does not establish reserves for judgments or other legal or equitable claims against the State. Judgments and other such claims must be paid from the State's <u>unappropriated</u> balances." *See* Exhs. 2 and 3 to Docket #339 (emphasis added).

1. Defendants shall pay the interim award of $887,738.00 in attorneys fees and $70,206.09 in costs directly to plaintiffs' counsel of record and the other parties according to their relative interests in the proceeds;

2. Defendants shall pay the first installment of $387,500.00 within 14 days from the date of this order; the second installment of $387,500.00 shall be paid on or before January 31, 2009; and the remaining amount owed shall be paid on or before April 30, 2009.[3]

Entered this 29th day of October, 2008.

                                          s/ William C. Lee
                                          United States District Judge
                                          Northern District of Indiana

---

[3]The Defendants object to the timetable laid out in the Plaintiffs' Motion by saying that "discussions of partial payments and timing of payment in the Motion are entirely inappropriate." However, it appears that their objection is global – they object to any payments being ordered not to the amounts proposed or to the dates proposed.